IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN RAYE FANNING,

        Petitioner,

v.

RICK COURSEY,

        Respondent.

Case No. 3:10-cv-01566-HU

FINDINGS AND RECOMMENDATION

Anthony D. Bornstein
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon, 97204

    Attorney for Petitioner

Ellen F. Rosenblum
Attorney General
Kristen E. Boyd
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon, 97301-4096

    Attorneys for Respondent

HUBEL, Magistrate Judge

    Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus proceeding pursuant to 28

1 -- FINDINGS AND RECOMMENDATION

U.S.C. § 2254. For the reasons set forth below, the amended petition should be denied as untimely, and this proceeding dismissed, with prejudice.

## BACKGROUND

In May, 2004, petitioner was convicted of Rape in the First Degree, and sentenced to a 120-month term of incarceration. Petitioner timely appealed his conviction. The Oregon Court of Appeals affirmed, without opinion, and the Oregon Supreme Court denied review. State v. Fanning, 207 Or.App. 436, 142 P.3d 125, rev. denied, 342 Or. 46 (2006). The judicial mandate issued on December 29, 2006. Resp. Exh. 110. The time to seek *certiorari* in the U.S. Supreme Court expired ninety days later on March 29, 2006.

On August 8, 2007 (132 days later), petitioner filed a petition for state post-conviction relief. The state trial court denied post-conviction relief, and the Oregon Court of Appeals affirmed, without opinion. Fanning v. Coursey, 233 Or.App. 509, 226 P.3d 130 (2010). Petitioner did not seek review by the Oregon Supreme Court. The judicial mandate issued on April 6, 2010. Resp. Exh. 136. On December 22, 2010 (260 days later), petitioner filed the instant proceeding.[1]

///

---

[1] The parties agree that the mailbox rule applies when determining the filing dates for petitioner's state and federal petitions. See Houston v. Lack, 487 U.S. 266, 276 (1988).

2 -- FINDINGS AND RECOMMENDATION

## DISCUSSION

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." The limitation period is tolled while a state prisoner is exhausting his claims on direct appeal, and during the pendency of a properly filed state post-conviction proceeding. 28 U.S.C. § 2244(d)(1)(A) & (d)(2); Roy v. Lampert, 465 F.3d 964, 968 (9th Cir. 2006).

The limitation period may be equitably tolled upon a showing that (1) petitioner was pursuing his rights diligently; and (2) some extraordinary circumstances stood in his way and prevented a timely filing. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010); Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011); Lakey v. Hickman, 633 F.3d 782, 786 (9th Cir. 2011). The propriety of equitable tolling is a fact-specific inquiry which requires the petitioner to prove that the extraordinary circumstance was the cause of his late filing. Busby, 661 F.3d at 1101; Lakey, 633 F.3d at 786. The lack of adequate access to library materials does not automatically qualify as grounds for equitable tolling. See Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010); Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001) (citing Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)).

3 -- FINDINGS AND RECOMMENDATION

In the instant proceeding, it is undisputed that petitioner's habeas petition was untimely by at least 27 days.[2] Petitioner argues that the limitation period should be equitably tolled because he was denied adequate and timely access to the law library and legal resources at EOCI. Petitioner argues that his late filing occurred through no fault of his own, and stresses that the state has suffered no prejudice. Petitioner attests to the limitations he endured as follows:

> 5. The last grade I completed in school was 10th grade. I have never had any legal training of any type nor was I familiar with the law and court procedures. Nevertheless, I have used the legal resources at the Eastern Oregon Correctional Institution to prepare my *pro se* petition for post-conviction relief and my petition for Writ of Federal Habeas Corpus.
>
> 6. My access to the law library is limited. Law library hours are Monday through Friday from 8:00 a.m. to 10:00 a.m. and from 1:00 p.m. to 3:30 p.m. If it was within my control, I would have used the law library on other days including weekends. That opportunity was never presented to me. In addition, the process of obtaining a law library visit is very time consuming and slow. I have attached, as Attachment 2, my hand-written summary

---

[2] Because it is undisputed that petitioner's *pro se* habeas petition is untimely, I need not address whether petitioner's Fifth Amendment claim, raised in the *amended* petition filed on March 10, 2011 (*the only substantive claim briefed by counsel*), relates back to the filing date of the original petition. However, applicable case law suggests that it does not. See Hebner v. McGrath, 543 F.3d 1133, 1138-39 (9th Cir. 2008) (amended petition relates back to timely filed original petition only if arises from the same core of operative facts as a claim in the original petition).

4 -- FINDINGS AND RECOMMENDATION

        of the process of obtaining time in the prison law library.

7. My experience has been that it takes approximately one to two weeks from the time of the submission of the kite to the next visit to the law library. It has never taken less than one week, and it may take as long as two weeks to obtain a single visit. Moreover, it is likely to take four separate visits to the law library to obtain, copy, have notarized and then mail a single legal form. Separate visits are also necessary to fill out and have processed the CD-28 form which authorizes funds to be withdrawn from the inmate's trust account to pay a court filing fee.

8. As I prepared my post-conviction and habeas corpus forms, it took approximately four separate visits to the law library to accomplish a single task such as filling out legal paperwork, making copies and conducting legal research. I would point out that I actually saved time by handwriting all of my habeas corpus forms. I also saved time by handwriting all of my kites. This saved me approximately 7-9 days of routing time.

9. In addition, there have been times when the prison was on "lock-down" and no one was allowed to leave their cell even for previously scheduled time in the law library. I specifically recall that when I was scheduled to go to the law library and place the check in the envelope with my habeas corpus petition, the entire institution was placed on modified lock-down due to fights. I live on the east side of the prison. The law library is on the west side. Consequently, I had to have my law library visit rescheduled.

Fanning Aff. at 2-4.

    Although petitioner complains of the general limitations placed on library access and legal resources at EOCI, including limited weekday hours, the 1-2 week delay in obtaining visitation privileges, and the occasional lock down of the prison, petitioner

5 -- FINDINGS AND RECOMMENDATION

fails to allege any specific facts to support a conclusion that these limitations were extraordinary, rather than ordinary incidents of prison life. See Chaffer, 592 F.3d at 1049; Ramirez, 571 F.3d at 998. Further, given the summary nature of the allegations in petitioner's *pro se* federal habeas petition, petitioner has failed to set forth how his limited library access proximately caused the late filing of his federal habeas petition.

Petitioner similarly alleges no facts to support a finding that he exercised reasonable diligence, in light of these limitations, to file his federal petition in a timely manner. In this regard, the court notes that petitioner attests that he has been confined at EOCI since his conviction in 2004 and, therefore, was well aware of the limitations on legal resources. Petitioner makes no allegations that he, at any point, informed prison officials of his impending filing deadline, his need to obtain more immediate access to the library or legal resources to avoid an untimely filing, or that he made any other efforts to diligently file his federal habeas petition. See Roy, 465 F.3d at 970-73 & n.5 (noting relevance of petitioner's diligent efforts to obtain legal resources *while his efforts were thwarted*, and reasonable diligence *before* the external impediment); Chaffer, 592 F.3d at 1049 (noting petitioner's failure to make any specific allegations as to what he did to complain about impediment).

6 -- FINDINGS AND RECOMMENDATION

With regard to the "partial lock down" which allegedly delayed the mailing of petitioner's federal habeas petition, petitioner fails to allege that the lockdown continued throughout the 27-day period for which tolling is sought. To hold that the routine delays inherent in the prison setting equitably toll the limitation period in this case would "permit the exception to swallow the rule." Ramirez, 571 F.3d at 998. Accordingly, petitioner's amended petition should be denied as untimely.[3]

Petitioner's contention that the state suffered no prejudice as a result of his late filing does not dictate a contrary conclusion because the limitation period of § 2244(d) applies without regard to proof of prejudice. The underlying purpose of the limitation period is to advance the finality of criminal convictions. Mayle v. Felix, 545 U.S. 644, 662 (2005); Hebner, 543 F.3d at 1137. Hence, a showing of prejudice on the part of the state is not a prerequisite to § 2244(d)'s application. Cf. Day v. McDonough, 547 U.S. 198, 202 n.1 (2006).

## CONCLUSION

Based on the foregoing, petitioner's amended habeas corpus petition (#6) should be denied as untimely, and this proceeding dismissed, with prejudice. Because petitioner has not made a

---

[3] Because there is sufficient evidence in the record to determine whether equitable tolling is warranted, an evidentiary hearing is not warranted. See Roberts v. Marshall, 627 F.3d 768, 773 (9th Cir. 2010).

7 -- FINDINGS AND RECOMMENDATION

substantial showing of the denial of a constitutional right, a certificate of appealability should be DENIED. <u>See</u> 28 U.S.C. § 2253(c)(2).

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due February 4, 2013. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due February 21, 2013. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 17th day of January, 2013.

_____
Dennis J. Hubel
United States Magistrate Judge

8 -- FINDINGS AND RECOMMENDATION